[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 350.]

PHILLIPS, APPELLANT, *v.* IRWIN, SHERIFF, APPELLEE.

[Cite as *Phillips v. Irwin*, 2002-Ohio-4758.]

*Habeas corpus sought to compel relator's release from the Greene County Jail—*
*Petition dismissed by court of appeals—Court of appeals' denial of motion*
*for reconsideration affirmed, when.*

(No. 2002-0907—Submitted August 27, 2002—Decided September 25, 2002.)

APPEAL from the Court of Appeals for Greene County, No. 02-CA-28.

—————————

**Per Curiam.**

{¶1} In March 2002, appellant, Betty Jane Phillips, filed a petition for a writ of habeas corpus to compel appellee, Greene County Sheriff Jerry Irwin, to release her from the Greene County Jail. The petition was not verified in accordance with R.C. 2725.04. On March 20, 2002, the court of appeals sua sponte dismissed the petition because of the lack of verification. See *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763.

{¶2} On March 26, 2002, Phillips filed a motion for reconsideration of the dismissal and attached a copy of a verification page that she requested be included in the original petition. On April 11, 2002, the court of appeals issued an order for Sheriff Irwin to show cause why the writ of habeas corpus should not be issued. Sheriff Irwin filed a response to the show-cause order in which he claimed that Phillips was not entitled to the asserted "good time" credit.

{¶3} On April 29, 2002, the court of appeals denied Phillips's motion for reconsideration as moot because Phillips had been released from county jail.

{¶4} In this appeal, Phillips claims that the court of appeals erred in denying her motion for reconsideration. Phillips's claims are meritless for the following reasons.

**{¶5}** Phillips's request for reconsideration was a nullity because her habeas corpus action was filed originally in the court of appeals, thus rendering App.R. 26(A) inapplicable. *State ex rel. Burnes v. Athens Cty. Clerk of Courts* (1998), 83 Ohio St.3d 523, 524, 700 N.E.2d 1260; *State ex rel. Clark v. Lile* (1997), 80 Ohio St.3d 220, 221, 685 N.E.2d 535. Even though the court of appeals did not deny Phillips's motion on this basis, "we will not reverse a correct judgment based on an appellate court's erroneous rationale." *Johnson v. Timmerman-Cooper* (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153.

**{¶6}** Moreover, Phillips waived her preeminent claim that she attempts to raise on appeal because she failed to raise it in the court of appeals. *Taylor v. Mitchell* (2000), 88 Ohio St.3d 453, 454, 727 N.E.2d 905, fn. 1.

**{¶7}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Betty Jane Phillips, pro se.

William F. Schenck, Greene County Prosecuting Attorney, and Robert K. Hendrix, Assistant Prosecuting Attorney, for appellee.

_____