COTTEN, APPELLANT, *v.* FITZPATRICK ET AL., APPELLEES.

[Cite as *Cotten v. Fitzpatrick*, 98 Ohio St.3d 24, 2002-Ohio-7043.]

*Appeal — Court of appeals' denial of "motion to certify the records" affirmed when motion is untimely.*

(No. 2002-1161 — Submitted November 13, 2002 — Decided December 20, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-788.

_____

**Per Curiam.**

{¶1}    On July 10, 2001, appellant, Prince Charles Cotten Sr., filed a complaint for writs of prohibition and procedendo in the Court of Appeals for Franklin County.  Appellees, Richard E. Fitzpatrick and Sandra Crocket Mack, moved to dismiss.  On August 28, 2001, a court of appeals magistrate issued a decision recommending that the court grant appellees' motion and dismiss Cotten's action because, among other reasons, Cotten had failed to comply with R.C. 2969.25.

{¶2}    On January 17, 2002, the court of appeals overruled Cotten's objections, adopted the magistrate's decision, granted appellees' motion, and dismissed the cause.  On January 31, 2002, Cotten filed a motion for reconsideration, which the court of appeals denied on March 4, 2002.  On April 15, 2002, Cotten appealed from the March 4, 2002 denial of his motion for reconsideration.  On June 25, 2002, we dismissed his appeal for want of prosecution.

{¶3}    On May 2, 2002, Cotten filed a motion in the court of appeals to "certify the records."  On June 3, 2002, the court of appeals denied the motion.

**{¶4}** In his appeal as of right, Cotten asserts that the court of appeals erred.

**{¶5}** Although unclear, Cotten's "motion to certify the records" is at best either a motion to certify a conflict under App.R. 25 or an application for reconsideration under App.R. 26. Both App.R. 25(A) and 26(A), however, require that these motions be "made in writing before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is later." Cotten's motion was untimely because it was filed more than three months after the January 17, 2002 judgment dismissing his claims for prohibition and procedendo.

**{¶6}** Moreover, in challenging the January 17, 2002 judgment, Cotten has failed to file a timely appeal from that judgment, and his filing of a motion to certify a conflict or an application for reconsideration does not extend the time for filing a notice of appeal. App.R. 25(A) and 26(A).

**{¶7}** Finally, if Cotten's motion to certify records was intended to be an application for reconsideration, his motion was a nullity because his complaint for writs of prohibition and procedendo was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable. *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 5.

**{¶8}** Therefore, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. We deny appellees' motion to strike. Cotten's merit brief includes a certificate of service, and judicial review in Ohio favors the resolution of cases on the merits. See, e.g., *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 414, 667 N.E.2d 1220. "The mere fact that appellees might not have received a copy of the brief does not establish that [appellant] failed to properly serve

————————————

Prince Charles Cotten Sr., pro se.

Betty D. Montgomery, Attorney General, and Philip A. King, Assistant Attorney General, for appellees.

————————————

it." See *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 72, 765 N.E.2d 356, fn. 1.