DRAKE, APPELLANT, *v.* TYSON-PARKER, WARDEN, APPELLEE.

[Cite as *Drake v. Tyson–Parker,* 101 Ohio St.3d 210, 2004-Ohio-711.]

(No. 2003–1644—Submitted February 3, 2004—Decided March 3, 2004.)

———————

**Per Curiam.**

{¶ 1} In December 1999, the Cuyahoga County Court of Common Pleas convicted appellant, Shannon Drake, of aggravated robbery and felonious assault and sentenced him to prison.

{¶ 2} On May 20, 2003, Drake filed a petition in the Court of Appeals for Lorain County for a writ of habeas corpus to compel appellee, former Lorain Correctional Institution Warden Tracy Tyson–Parker, to immediately release him from prison.  Drake claimed that he was entitled to release because the jury verdicts finding him guilty of aggravated robbery and felonious assault were inconsistent with the jury verdict acquitting him of accompanying firearm specifications.  Appellee moved to dismiss the petition.  On August 14, 2003, the court of appeals granted appellee's motion and dismissed the petition.

{¶ 3} On appeal, Drake asserts that the court of appeals erred in dismissing his habeas corpus petition. Drake claims that he is entitled to release because of the allegedly inconsistent jury verdicts.

{¶ 4} "A writ of habeas corpus is warranted in certain extraordinary circumstances 'where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law.'" *Johnson v. Timmerman–Cooper* (2001), 93 Ohio St.3d 614, 616, 757 N.E.2d 1153, quoting *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99, 666 N.E.2d 1091.

{¶ 5} Even assuming that Drake alleged a facially valid inconsistent-verdicts claim, he had an adequate remedy at law by appeal to raise his claims. " '[H]abeas corpus, like other extraordinary writ actions, is not available where there is an adequate remedy at law.'" *Agee v. Russell* (2001), 92 Ohio St.3d 540, 544, 751 N.E.2d 1043, quoting *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. The fact that Drake has already unsuccessfully invoked some of his alternate remedies does not entitle him to the requested extraordinary relief. *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249.

{¶ 6} Moreover, Drake waived those claims that he now raises for the first time on appeal. *Phillips v. Irwin*, 96 Ohio St.3d 350, 2002-Ohio-4758, 774 N.E.2d 1218, ¶ 6.

{¶ 7} Based on the foregoing, we hold that Drake had an adequate remedy by appeal. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Shannon Drake, pro se.

Jim Petro, Attorney General, and Mark J. Zemba, Assistant Attorney General, for appellee.