WOOTON, APPELLANT, *v.* BRUNSMAN, WARDEN, APPELLEE.

[Cite as *Wooton v. Brunsman*, 112 Ohio St.3d 153, 2006-Ohio-6524.]

*Habeas corpus — Petition that does not include copies of all pertinent commitment papers required by R.C. 2725.04 is defective — Court of appeals' denial of writ affirmed.*

(No. 2006-1559 — Submitted November 15, 2006 ─ Decided December 27, 2006.)

APPEAL from the Court of Appeals for Ross County, No. 06CA2908.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment dismissing a petition for a writ of habeas corpus.  We affirm.

{¶ 2}   On June 22, 2006, Ronald L. Wooton, an inmate at the Chillicothe Correctional Institution, filed a petition for a writ of habeas corpus to compel his immediate release from prison.  Wooton claimed that his 1997 conviction and sentence for felonious sexual penetration is void because before he was indicted, the pertinent statute was repealed.  Wooton also alleged that his defense counsel cooperated in forcing him to plead guilty to a lesser offense.  Wooton failed to attach a copy of his 1997 sentencing entry.  Appellee, the prison warden, filed a motion to dismiss the petition.

{¶ 3}   On July 28, 2006, the court of appeals granted appellee's motion and dismissed the petition.

{¶ 4}   In this appeal as of right, we conclude that the court of appeals properly dismissed the petition for the following reasons.

{¶ 5}   As the court of appeals held, Wooton's petition was fatally defective and subject to dismissal because he failed to attach a copy of his

pertinent commitment papers, i.e., his sentencing entry. *Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 7; R.C. 2725.04(D).

**{¶ 6}** Moreover, having previously filed a petition for habeas corpus, see *Wooton v. Wilkinson* (2001), 91 Ohio St.3d 1522, 747 N.E.2d 249, res judicata barred Wooton from filing a successive habeas corpus petition. *Fortson v. Bradshaw*, 109 Ohio St.3d 250, 2006-Ohio-2291, 846 N.E.2d 1258, ¶ 11.

**{¶ 7}** Finally, Wooton's claims of an invalid indictment and ineffective assistance of counsel are not cognizable in habeas corpus. *Turner v. Ishee*, 98 Ohio St.3d 411, 2003-Ohio-1671, 786 N.E.2d 54, ¶ 7; *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7. Wooton could have raised his claims by way of direct appeal.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

Ronald L. Wooton, pro se.

Jim Petro, Attorney General, and Steven H. Eckstein, Assistant Attorney General, for appellee.

_____