OPINION *Page 2 
{¶ 1} Defendant-appellant Timothy A. Miller appeals the October 5, 2006 judgment of the Stark County Court of Common Pleas denying appellant's motion for nunc pro tunc entry. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 6, 2003, appellant pleaded guilty to felonious assault. The trial court sentenced appellant to three years in prison. Appellant did not appeal his sentence or conviction.
 {¶ 3} Appellant filed a motion for judicial release on November 24, 2003. The trial court granted the motion and appellant was released to the SRCC Center. Appellant was placed on three years community control sanctions.
 {¶ 4} While appellant was on community control release, appellant committed a felony in Carroll County. The Carroll County Court of Common Pleas convicted appellant and sentenced appellant to a two-year prison term. Carroll County Common Pleas, Case No. 2005CR4819. Appellant's intensive supervision probation officer in Stark County filed a motion to revoke community control on September 21, 2005.
 {¶ 5} On May 17, 2006, the Stark County Court of Common Pleas held a hearing and found appellant violated the terms of the order of community control sanctions. The trial court revoked appellant's community control and reinstated appellant's original sentence of three years, less credit for time served. The sentencing entry was filed on May 23, 2006.
 {¶ 6} Appellant did not appeal the trial court's decision, nor did he appeal the reinstated sentence. On September 8, 2006, appellant filed a motion for nunc pro tunc *Page 3 
entry. Appellant moved the trial court to correct the May 23, 2006 sentencing entry to reflect that his sentence in Stark County should run concurrent with his sentence from his conviction in Carroll County. The trial court denied the motion on September 18, 2006.
 {¶ 7} It is from this denial appellant now brings the following Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 8} "IT IS PLAIN ERROR, TO THE PREJUDICE OF APPELLANT TO DENY NUNC PRO TUNC JUDGMENT SOUGHT FOR EFFECTUATION AND FORCE OF SENTENCE ACTUALLY REIMPOSED AT COMMUNITY CONTROL REVOCATION HEARING."
 {¶ 9} In his sole assignment of error, appellant maintains the trial court erred in denying his motion to correct the May 23, 2006 sentencing entry to reflect that his sentences in Carroll and Stark Counties are to run concurrently. Appellant did not file a notice of appeal of the May 23, 2006 sentencing entry within thirty days after it was issued. App.R. 4(A). Appellant is now attempting to appeal the sentencing entry through the use of a nunc pro tunc entry. "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, `nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'" State v. Zaleksi, 111 Ohio St.3d 353,2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19, citing Mayer v. Henson,97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting State ex rel.Fogle v. Steiner (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. *Page 4 
 {¶ 10} As appellant failed to file the transcript of the May 17, 2006 hearing in violation of App.R. 9(B), there is no evidence in the record of a clerical error in the May 23, 2006 sentencing entry. Additionally, R.C. 2929.141 (B) states, pertinent part: "A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. * * * (1) * * * In all cases, a prison terms imposed for the violation shall be served consecutively to any prison term imposed for the new felony."
 {¶ 11} We find pursuant to App.R. 4(A), that appellant failed to file a timely appeal from the sentencing entry he is challenging and the use of a nunc pro tunc entry cannot cure appellant's failure to timely appeal the sentencing entry. Accordingly, we lack jurisdiction to review appellant's Assignment of Error.
 {¶ 12} Accordingly, we hereby dismiss appellant's appeal.
 Delaney, J., Gwin, P.J. and Hoffman, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellant. *Page 1