EVERETT, APPELLANT, *v.* EBERLIN, WARDEN, APPELLEE.

[Cite as *Everett v. Eberlin,* 114 Ohio St.3d 199, 2007-Ohio-3832.]

(No. 2007–0462—Submitted July 10, 2007—Decided August 15, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition fails to state a viable habeas corpus claim, we affirm.

{¶ 2} In May 2006, the Stark County Court of Common Pleas convicted appellant, Damion Montclair Everett, of possession of cocaine and trafficking in cocaine and sentenced him to an aggregate prison term of five years. Instead of appealing his convictions and sentence, Everett filed in the Supreme Court of Ohio a petition for a writ of habeas corpus, which we dismissed. *Everett v. Eberlin*, 110 Ohio St.3d 1435, 2006-Ohio-3862, 852 N.E.2d 185. In his petition, Eberlin challenged an alleged warrantless search that had led to his convictions.

{¶ 3} Everett next filed a petition in the Stark County Court of Common Pleas for postconviction relief. Everett again contested the alleged warrantless search and added a claim of ineffective assistance of his trial counsel. The common pleas court dismissed the petition.

{¶ 4} In December 2006, rather than appealing from the common pleas court's dismissal of his postconviction-relief petition, Everett filed a petition in the Court of Appeals for Belmont County for a writ of mandamus to compel his immediate release from prison, an evidentiary hearing on his claims, and an order for his prison's records office to produce his file for inspection at the hearing. Appellee, Belmont Correctional Institution Warden Michele Eberlin, filed a motion to dismiss the petition. The court of appeals granted the warden's motion and dismissed the petition.

{¶ 5} We affirm the judgment of the court of appeals for the following reasons.

{¶ 6} "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. As the court of appeals correctly concluded, Everett had adequate remedies in the ordinary course of law by way of a motion to suppress, an appeal, and postconviction relief to raise his underlying claims of illegal search and ineffective assistance of counsel. These claims are not cognizable in habeas corpus. See *Valentine v. Maxwell* (1965), 2 Ohio St.2d 146, 31 O.O.2d 237, 207 N.E.2d 234 (illegal search); *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7 (ineffective assistance of counsel). The mere fact that Everett has already unsuccessfully invoked some of these alter-

nate remedies does not thereby entitle him to the requested extraordinary relief in habeas corpus. *Drake v. Tyson–Parker,* 101 Ohio St.3d 210, 2004-Ohio-711, 803 N.E.2d 811, ¶ 5.

{¶ 7} The alternate remedy of appeal from the common pleas court's dismissal of his petition for postconviction relief was also not rendered inadequate by the alleged failure of his prison to provide certain records. As the common pleas court observed in its judgment dismissing the postconviction-relief petition, Everett had "other methods of obtaining evidence in support of his contention," and res judicata barred him from raising this claim. Everett could have challenged this determination in an appeal from the common pleas court's judgment.

{¶ 8} Finally, in an affidavit attached to his petition in the court of appeals, Everett asserted that his previous habeas corpus action in this court was based upon the "same set of circumstances." Having filed this previous petition, Everett is barred by res judicata from filing a successive habeas corpus petition. *Wooton v. Brunsman,* 112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶ 6.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals dismissing Everett's habeas corpus petition.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Damion M. Everett, pro se.

Marc Dann, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.