THE STATE EX REL. AGOSTO, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas,* 119 Ohio St.3d 366, 2008-Ohio-4607.]

(No. 2008–0216—Submitted June 3, 2008—Decided September 18, 2008.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for writs of mandamus and/or procedendo to compel a common pleas court and judge to enter a judgment in a criminal case. Because the common pleas court and judge have already entered a judgment in the criminal case, we affirm.

### Sentencing Entry and Appeals

{¶ 2} Appellee Cuyahoga County Court of Common Pleas journalized an entry sentencing appellant, Jose Agosto Jr., to an aggregate prison term of 15 years to life. The entry noted that a jury had returned verdicts of guilty against Agosto on one count of murder and one count of felonious assault, but did not specify his plea to the charges.

{¶ 3} On appeal, the Court of Appeals for Cuyahoga County affirmed his convictions and sentence. *State v. Agosto,* Cuyahoga App. No. 87283, 2006-Ohio-5011, 2006 WL 2777391. We did not allow Agosto's further appeal. *State v. Agosto,* 114 Ohio St.3d 1414, 2007-Ohio-2632, 867 N.E.2d 846.

### Common Pleas Court Motion

{¶ 4} Shortly after these unsuccessful appeals, Agosto filed a motion in the common pleas court to be resentenced so that the court could enter a judgment that complied with Crim.R. 32(C). Appellee Judge Hollie L. Gallagher of the common pleas court denied the motion.

### Mandamus and Procedendo Case

{¶ 5} A few months later, Agosto filed a complaint in the Court of Appeals for Cuyahoga County for writs of mandamus and/or procedendo to compel the common pleas court and Judge Gallagher to enter a judgment complying with Crim.R. 32(C). Appellees filed a motion to dismiss. The court of appeals granted appellees' motion and dismissed the petition.

{¶ 6} This cause is now before the court upon Agosto's appeal.

### Mandamus and Procedendo to Compel Compliance with Crim.R. 32(C)

{¶ 7} Agosto asserts that the court of appeals erred in dismissing his complaint for writs of mandamus and/or procedendo. Dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in Agosto's favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in mandamus and procedendo. *State ex rel. Turner v. Houk,* 112 Ohio St.3d 561, 2007-Ohio-814, 862 N.E.2d 104, ¶ 5.

{¶ 8} "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 5. Sup.R. 7(A) provides, "The judgment entry specified * * * in Criminal Rule 32 shall be filed and journalized within thirty days of the * * * decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." " *If the trial court refuses upon request or motion to journalize its decision,*

*either party may compel the court to act by filing a writ of mandamus or a writ of procedendo'*" because "[a]bsent journalization of the judgment, [a party] cannot appeal it." (Emphasis sic.) *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 327, 691 N.E.2d 275, quoting *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 401–402, 16 OBR 469, 476 N.E.2d 683; *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148.

{¶ 9} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, we held that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of courts." The sentencing entry here fully complied with Crim.R. 32(C) and constituted a final appealable order because it sets forth the jury verdict, the sentence, the judge's signature, and the entry on the journal by the clerk of courts.

{¶ 10} Thus, based on *Baker*, neither the common pleas court nor the judge either refused to render or unduly delayed rendering a judgment in the criminal case, and Agosto is thus not entitled to the requested extraordinary relief in mandamus and procedendo.

{¶ 11} Moreover, Agosto had an adequate remedy at law by way of appeal from the sentencing entry to raise his contentions. See *Reynolds*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 8 ("neither a writ of procedendo nor a writ of mandamus will issue if an adequate remedy exists in the ordinary course of law"); *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 8.

{¶ 12} In fact, Agosto has already exercised his right to appeal the judgment in the criminal case, albeit unsuccessfully, and he could have raised his present claims in that appeal. See *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 6 (the "mere fact that [petitioner] has already unsuccessfully invoked some of these alternate remedies does not thereby entitle him to the requested extraordinary relief * * * ").

{¶ 13} Based on the foregoing, we affirm the judgment of the court of appeals dismissing Agosto's complaint for writs of mandamus and/or procedendo.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Jose Agosto Jr., pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, for appellees.