OPINION *Page 3 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Defendant-Appellant Kyle L. Clutter ("Clutter") appeals from the August 14, 2008 Judgment Entry of the Court of Common Pleas, Crawford County, Ohio denying his motion for resentencing.
 {¶ 3} This matter stems from Clutter's plea of guilty to one count of Aggravated Vehicular Homicide, in violation of R.C. 2903.06, a felony of the second degree. At a sentencing hearing on March 27, 2006 Clutter was sentenced to a term of five years in prison for his conviction.
 {¶ 4} On July 30, 2008 Clutter filed a "Motion to Resentence Defendant" arguing that the Judgment Entry filed on March 31, 2006 was void for failing to comply with Crim. R. 32(C). The trial court denied Clutter's motion on August 14, 2008.
 {¶ 5} Clutter now appeals, asserting a single assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIALAND PROCEDURAL RIGHTS BY SUMMARILY DISMISSING THE APPELLANT'S "MOTION TORESENTENCE". [SIC] THE FAILURE OF A WRITING FILED AS A "JUDGMENT" IN ACRIMINAL CASE TO SET FORTH ANY ELEMENT OF CRIMINAL RULE 32(C) RENDERSSUCH WRITING *Page 4 INSUFFICIENT TO CONSTITUTE A "JUDGMENT OR FINAL ORDER". [SIC] AS THEREIS NO VALID "JUDGMENT OR FINAL ORDER" IN THE APPELLANT'S CRIMINAL CASE,THE APPELLANT IS ENTITLED TO HAVE ONE MADE AND JOURNALIZED.
 {¶ 6} In his sole assignment of error, Clutter argues that the trial court's Judgment Entry sentencing him to five years in prison is void for failure to comply with Crim. R. 32(C). Ohio Crim. R. 32 provides, in pertinent part, as follows:
 (C)Judgment
 A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.
 {¶ 7} In the present case, Clutter specifically argues that the trial court entry fails to "set forth the plea, the verdict or findings."[1]
Clutter appears to argue that in order to satisfy Crim. R. 32(C), the Judgment Entry would need to include his guilty plea.
 {¶ 8} The Ohio Supreme court expressly discussed the requirements of Crim. R. 32(C) in State v. Baker, 119 Ohio St.3d 197, 893 N.E.2d 163,2008-Ohio-3330. In Baker, the court found that Crim. R. 32(C) was confusing, due to the lack of serial comma in the requirement that a judgment set forth "the plea, the verdict or findings." Crim. R. 32(C). The court subsequently found that: *Page 5 
 A more logical interpretation of Crim. R. 32(C)'s phrase "the plea, the verdict or findings, and the sentence" is that a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial.
State v. Baker, 119 Ohio St.3d at 200.
 {¶ 9} The Baker Court concluded that
 a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence.
State v. Baker, 119 Ohio St.3d at 201.
 {¶ 10} Moreover, the Baker Court considered when "the finding of the court upon which the conviction is based" satisfies the requirements of Crim. R. 32(C). The court found that a Judgment Entry stating only "the finding of the court upon which the conviction is based" would only satisfy Crim. R. 32(C) when a no contest plea had been entered. "Unlike a plea of no contest, which requires a trial court to make a finding of guilt, a plea of guilty requires no finding or verdict." State v.Baker, 119 Ohio St.3d at 200 (internal citations omitted). Therefore, it appears, from the rationale espoused in Baker, that to constitute a *Page 6 
final appealable order, a Judgment Entry must, where the defendant pled guilty, include the guilty plea.
 {¶ 11} The Judgment Entry in the present case provides, with respect to "the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based," as follows:
 This Court finds that the defendant was found guilty of Aggravated Vehicular Homicide in violation of Ohio Revised Code Sec. 2903.06, a felony two which carries a mandatory prison term.
No mention of Clutter's guilty plea is made in the sentencing Judgment Entry.
 {¶ 12} In the present case, we note that the trial court acknowledged that Clutter's guilty plea was recorded in a separate Judgment Entry on January 26, 2006. However, in Baker the Ohio Supreme Court specifically rejected any rationale that would allow two separate judgment entries to constitute a final appealable order, or otherwise satisfy the requirements of Crim. R. 32(C). State v. Baker, 119 Ohio St.3d at 201. As a result, we must find that Clutter's sentencing entry did not constitute a final appealable order because it did not contain a guilty plea, a jury verdict, or the finding of the court upon which Clutter's conviction was based. See Baker, supra; State ex rel. Culgan v. MedinaCty. Court of Common Pleas, 119 Ohio St.3d 535, 895 N.E.2d 805,2008-Ohio-4609.
 {¶ 13} In these circumstances, the Ohio Supreme Court has held that the appropriate remedy is resentencing. McAllister v. Smith,Warden, *Page 7 119 Ohio St.3d 163, 165, 892 N.E.2d 914, 2008-Ohio-3881. Accordingly, trial court should grant a motion for resentencing and issue a revised sentencing entry. Id. The Ohio Supreme Court has also stated that "if the trial court refuses upon request to issue a revised sentencing entry, [the defendant] can then seek to compel the court to act by filing an action for a writ of mandamus or a writ of procedendo." Id at 8. (In other circumstances, the Supreme Court has found that the defendant is not eligible for relief in mandamus or procedendo, for failure to appeal from or raise an issue in a prior appeal regarding the original sentencing entry.) See State ex rel. Agosto v. Cuyahoga Cty. Court ofCommon Pleas, 119 Ohio St.3d 366, 894 N.E.2d 314, 2008-Ohio-4607.
 {¶ 14} Had the case before us been in mandamus or procedendo, this court could have granted the writ and ordered the foregoing resentencing. However, Clutter did not pursue the trial court's denial of the motion for resentencing in mandamus or procedendo, but instead chose to file a direct appeal of the trial court's denial of the motion. As a result, our determination that the sentencing entry does not constitute a final, appealable order, leaves us without jurisdiction to review any order of the trial court including the trial court's denial of the motion to resentence. *Page 8 
 {¶ 15} Accordingly, while we have suggested the proper course of action for the trial court, in terms of actual disposition of this case, this court has no choice but to dismiss the appeal for lack of a final, appealable order.
Appeal dismissed.
 PRESTON and WILLAMOWSKI, JJ., concur. r
[1] Although not specifically raised by Clutter, we note that the Judgment Entry contains a valid sentence, signature, and time stamp as required by Crim. R. 32(C). *Page 1