OPINION AND JUDGMENT ENTRY
{¶ 1} Petitioner, Timothy A. Miller, has filed a petition for writ of habeas corpus against respondents, Ohio Department of Rehabilitation and Correction and Bureau of Sentence Computation. Miller argues that respondents have unlawfully ordered his two prison sentences to be served consecutively. Respondents have filed a motion to dismiss the petition.
 {¶ 2} On April 6, 2003, Miller was convicted of felonious assault in Stark County Common Pleas Court following his guilty plea and sentenced to a three-year term of imprisonment. State v. Miller, 5th Dist. No. 2006CA00284, 2007-Ohio-2548, at ¶ 2. Miller did not appeal the conviction or sentence. Id.
 {¶ 3} After serving just seven and half months in prison, Miller filed a motion for judicial release. Id. at ¶ 3. The Stark County Common Pleas Court granted judicial release and ordered three years community control sanctions. Id.
 {¶ 4} While still on community control sanctions, Miller reoffended in Carroll County. Id. at ¶ 4. On December 15, 2005, Miller was convicted of failure to comply with an order or signal of a police officer in the Carroll County Common Pleas Court following his guilty plea and sentenced to a two-year term of imprisonment. (Petition Exhibit 3). Miller did not appeal the conviction or sentence.
 {¶ 5} Meanwhile, Stark County officials had filed a motion to revoke community control in Miller's case there. Miller, at ¶ 4. On May 16, 2006, the Stark County Common Pleas Court found that Miller had violated the terms of the order of community control sanctions following a hearing. Id. at ¶ 5. The court revoked community control and reimposed the original three-year sentence less time served in an entry filed May 23, 2006. Id. Miller did not immediately appeal the decision. Id. at ¶ 6.
 {¶ 6} Three and a half months later, Miller filed a motion for nunc pro tunc entry in the Stark County Common Pleas Court. Id. Miller wanted the court to correct the May 23, 2006 sentencing reimposing the original three-year term to reflect that it should run concurrent to the sentence stemming from his conviction in Carroll County. Id. The court denied the motion and Miller appealed that decision to the Fifth *Page 2 
District Court of Appeals. State v. Miller, 5th Dist. No. 2006CA00284,2007-Ohio-2548. The Fifth District dismissed the appeal as untimely. Id. at ¶ 11.
 {¶ 7} On October 14, 2007, Miller filed a petition for a writ of habeas corpus in the Ohio Supreme Court again complaining about the consecutive nature of the sentences stemming from his two separate convictions. He argued the two sentences should have been ordered to be served concurrently with one another and that he had already served the greater of the two terms. After reviewing Miller's petition, the Court sua sponte dismissed it in a merit decision without opinion. Miller v.Eberlin, 116 Ohio St.3d 1434, 2007-Ohio-6518, 877 N.E.2d 987.
 {¶ 8} Turning now to the present petition, Miller advances the same argument he did in his petition before the Ohio Supreme Court. Having filed this previous petition, Miller is barred by res judicata from filing a successive habeas corpus petition. Wooton v. Brunsman,112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶ 6.
 {¶ 9} Even if we were to review the merits of Miller's petition anew, the writ would be denied. R.C. 2929.141 governs cases where a parolee or releasee has committed a new offense:
 {¶ 10} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. * * * (1) * * * In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony." (Emphasis added.)
 {¶ 11} For the foregoing reasons, respondents' motion to dismiss is granted and Miller's petition for writ of habeas corpus is hereby dismissed. *Page 3 
 {¶ 12} Costs taxed against petitioner. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.
Donofrio, J. concurs.
Waite, J. concurs.
 DeGenaro, J. concurs. *Page 1