[Cite as *Stewart v. State*, 2012-Ohio-339.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KEVIN MICHAEL STEWART

     Petitioner

-vs-

STATE OF OHIO

     Respondent

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 11CAD100088


O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Writ of Habeas Corpus |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | January 30, 2012 |

APPEARANCES:

For Petitioner

For Respondent


KEVIN M. STEWART
Delaware County Jail
844 US RT 42 N
Delaware, Ohio 43015

CAROL HAMILTON O'BRIEN
KYLE ROHRER
140 N. Sandusky Street
Delaware, Ohio 43015

*Hoffman, P.J.*

**(¶1)** Petitioner, Kevin Michael Stewart, has filed a petition for Writ of Habeas Corpus alleging unlawful detention based upon his contention he received an unlawful sentence.

**(¶2)** A review of the complaint reveals Petitioner has failed to attach the necessary commitment papers in compliance with R.C. 2725.04(D).

**(¶3)** The Supreme Court has held failure to comply with this requirement is a fatal defect which cannot be cured, "[C]ommitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application." *Bloss v. Rogers*, 65 Ohio St.3d 145, 602 N.E.2d 602. See also, *Boyd v. Money*, 82 Ohio St.3d 388, wherein the Supreme Court held, "Habeas corpus petitioner's failure to attach pertinent commitment papers to his petition rendered petition fatally defective, and petitioner's subsequent attachment of commitment papers to his post-judgment motion did not cure the defect." R.C. § 2725.04(D).

**(¶4)** We find the failure to include all pertinent commitment papers has made a complete understanding of the Petition impossible.

**(¶5)** Further, R.C. 2725.04 requires that petitions for habeas corpus be verified. The instant petition does not contain an affidavit of verity. The Supreme Court of Ohio has consistently upheld the dismissal of habeas corpus petitions which are not verified. *Hughley v. Saunders* (2009)*,* 123 Ohio St.3d 90, 2009-Ohio-4089, 914 N.E.2d 370.

**(¶6)** Finally, Petitioner has further failed to comply with R.C. 2969.25 by failing to file an affidavit detailing his prior civil filings. The Supreme Court has held, "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5.

**(¶7)** For these reasons, Petitioner's petition for writ of habeas corpus is dismissed.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

KEVIN MICHAEL STEWART          :
                                :
        Petitioner              :
                                :
-vs-                            :          JUDGMENT ENTRY
                                :
STATE OF OHIO                   :
                                :
        Respondent              :          Case No. 11CAD100088


        For the reasons stated in our accompanying Opinion, Petitioner's petition for writ

of habeas corpus is dismissed.




                                    s/ William B. Hoffman _____
                                    HON. WILLIAM B. HOFFMAN


                                    s/ John W. Wise_____
                                    HON. JOHN W. WISE


                                    s/ Julie A. Edwards_____
                                    HON. JULIE A. EDWARDS