[Cite as *State ex rel. DeJusus v. Miller*, 2012-Ohio-3866.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. MIGUEL VALENTIN GALINDO DeJUSUS, | ) ) | |
| | ) | CASE NO.    12 BE 19 |
| PETITIONER, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| MICHELE MILLER, WARDEN, BELMONT CORRECTIONAL INSTITUTION, | ) ) ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:   Petitioner's Petition for Writ of Habeas Corpus; Respondent's Motion to Dismiss.

JUDGMENT:   Petition for Writ of Habeas Corpus Denied; Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:   Miguel Valentin Galindo DeJusus, *Pro Se*
#A620-358
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:   Attorney Michael DeWine
Attorney General
Attorney Stephanie Watson
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  August 6, 2012

PER CURIAM.

¶{1}  Petitioner Miguel Valentin Galindo DeJusus has filed a petition for writ of habeas corpus claiming his incarceration is unlawful due to alleged errors in the postrelease control sentence he received from the Stark County Common Pleas Court. 04/26/12 Petition.  Respondent Michelle Miller, Warden of Belmont Correctional Institution in St. Clairsville, Ohio, answered by filing a motion to dismiss.  The alleged basis for dismissal is res judicata.

¶{2}  On April 11, 2012, Petitioner filed a similar petition that is almost identical to the petition at issue in this case number.  We dismissed that petition and denied the writ on three bases.  *State ex rel. DeJusus v. Miller*, 7th Dist. No. 12BE17, 2012-Ohio-2717.  First, we explained that the extraordinary writ of habeas is not available to correct postrelease control sentencing errors.  *Id.* at ¶ 8-9.  Postrelease control sentencing errors are to be attacked through a direct appeal.  *Id.*  Our second reason for denying the petition and granting Respondent's motion to dismiss was based on the fact that DeJusus' sentence had not expired, and thus, he was not entitled to immediate release.  *Id.* at ¶ 10.  We explained that relief through habeas corpus is not available until the maximum sentence has expired.  *Id.*  The third and final reason for our decision was based on procedural deficiencies in DeJusus' petition.  *Id.* at ¶ 11-13.  Specifically, he failed to comply with the mandatory requirements of R.C. 2969.25, which require the filing of an affidavit containing a description of any civil actions that he has filed in the last five years.  *Id.*

¶{3}  The only difference between the April 11, 2012 petition that was filed in case number 12BE17 and the April 26, 2012 petition that was filed in the case at hand (12BE19) is that attached to the April 26, 2012 petition is an affidavit that complies with R.C. 2969.25.

¶{4}  Although the April 26, 2012 petition is not procedurally deficient, it still requires dismissal.  Res judicata generally bars a successive habeas corpus petition. *Everett v. Eberlin*, 114 Ohio St.3d 199, 2007-Ohio-3832, 870 N.E.2d 1190, ¶ 8.  This is especially true in this case where our prior decision ruled on the merit arguments and determined them to be meritless.

¶{5}    Therefore, for those reasons and the ones espoused in case number 12BE17, the writ is denied and the motion to dismiss is granted.

¶{6}    Final order.  Clerk to serve notice as provided by the Civil Rules.


Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, P.J., concurs.