[Cite as *Stewart v. Banks*, 2012-Ohio-4036.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KEVIN M. STEWART | ) | CASE NO. 12 NO 393 |
| | ) | |
| PETITIONER | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| EDWARD BANKS, WARDEN | ) | |
| NOBLE CORRECTIONAL | ) | |
| INSTITUTION | ) | |
| | ) | |
| RESPONDENT | ) | |

CHARACTER OF PROCEEDINGS:         Petition for Writ of Habeas Corpus

JUDGMENT:         Dismissed.

APPEARANCES:

For Petitioner:         Kevin M. Stewart, Pro se
                        #614-069
                        Madison Correctional Institution
                        P.O. Box 740
                        London, Ohio  43140


For Respondent:         Atty. Mike DeWine
                        Attorney General of Ohio
                        Atty. Maura O'Neill Jaite
                        Senior Assistant Attorney General
                        Criminal Justice Section
                        150 East Gay Street, 16th Floor
                        Columbus, Ohio  43215

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                        Dated:  August 27, 2012

PER CURIAM.

{¶1} Petitioner Kevin M. Stewart filed a pro se petition for writ of habeas corpus with this Court. Petitioner was convicted in Delaware County, Ohio, for possession of drugs, a third degree felony pursuant to R.C. 2925.11(A). Petitioner was sentenced to four years in prison, and is now incarcerated at the Noble Correctional Institution. Petitioner claims that he is being improperly imprisoned because the trial court used the wrong sentencing statute when it determined the penalty in this case in September of 2011. Petitioner contends that the trial court should have applied an amended version of R.C. 2929.14 that reduced the maximum penalty for non-specified third degree felonies from five years to three years. The amendment was effective as of September 30, 2011. Petitioner submits that he should receive the benefit of the reduced sentencing provision pursuant to R.C. 1.58(B), which states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." Because the trial court imposed a prison term of four years instead of three years or less, Petitioner believes that the sentence is void and that his case should be remanded for proper sentencing under the amended sentencing statute.

{¶2} Respondent has filed a motion to dismiss, arguing that the petition should be dismissed due to filing deficiencies, on res judicata grounds, and because Petitioner does not state a cognizable claim for relief in habeas. Respondent is correct in all of its arguments.

**{¶3}** Petitioner failed to file a certified inmate statement account as mandated by R.C. 2969.25(C). This procedural defect is grounds for dismissal. R.C. 2969.25(C) requires an inmate filing a civil action against a government entity to file an affidavit of indigency in order to have prepayment of full filing fees waived. This affidavit must contain a statement of the balance in the inmate's account for each of the six months prior to filing the civil action, and the statement must be certified by the institutional cashier. Additionally, the affidavit must contain a statement setting forth all cash and other things of value owned by the inmate. These requirements are mandatory for proper filing of habeas petitions where filing fees are not prepaid. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997); *Wilson v. Miller*, 7th Dist. No. 12 BE 6, 2012-Ohio-1303, ¶13. Failure to attach the certified account statement results in the dismissal of the petition.

**{¶4}** In addition, Petitioner previously filed a petition for habeas corpus with the Fifth District Court of Appeals, and that petition was dismissed. *Stewart v. State of Ohio*, 5th Dist. No. 11CAD100088, 2012-Ohio-339. The doctrine of res judicata applies to habeas filings, and dismissal is warranted if the petitioner has filed previous petitions in which the alleged error was or could have been raised. *Wooton v. Brunsman*, 112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶6. The sentencing error alleged by Petitioner could have been raised in his prior habeas filing. For that reason also, the instant petition must be dismissed.

**{¶5}** Finally, Petitioner has not alleged that he has the right to be immediately released from confinement. Petitioner only alleges that the prison

sentence that was imposed was too long. Habeas relief is only available to petitioners who are entitled to immediate release from confinement. *Pewitt v. Lorain Correctional Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92; R.C. 2725.17 (1992). Petitioner acknowledges that he was sentenced on September 30, 2011, and that he was given a four-year prison term. There is nothing in the petition that indicates any reductions or credits were applied to the four-year prison term. Thus, we will assume arguendo (based on Petitioner's own filings with this petition) that the prison term will expire on or about September 30, 2015. Petitioner recognizes that the maximum lawful prison term was at least three years, which would place Petitioner in lawful confinement until September 30, 2014. Based on Petitioner's filings, he acknowledges that he is not entitled to be released until at least September 30, 2014. Therefore, he has not alleged that he is entitled to immediate release from confinement. Hence, Petitioner provides a third reason to dismiss his petition.

{¶6} For the aforementioned three reasons, the petition for writ of habeas corpus is hereby dismissed.

{¶7} Costs taxed against Petitioner. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.