[Cite as *State ex rel. Johnson v. Lazaroff*, 2014-Ohio-661.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE EX REL., | : | | JUDGES: |
| RICKY JOHNSON | : | | Hon. Sheila G. Farmer, P.J. |
| A.K.A. RODNEY KNUCKLES | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J |
| Petitioner | : | | |
| | : | | |
| -vs- | : | | Case No. 13 CA 111 |
| | : | | |
| ALAN LAZAROFF, WARDEN | : | | |
| | : | | |
| Respondent | : | | O P I N I O N |


CHARACTER OF PROCEEDING:             Habeas Corpus


JUDGMENT:                            Denied


DATE OF JUDGMENT:                    February 20, 2014


APPEARANCES:

For Petitioner                       For Respondent

RICKY JOHNSON, aka, RODNEY KNUCKLES  No Appearance
#630-539
Mansfield Correction Institution
P. O. Box 788
Mansfield, OH  44901

*Farmer, J.*

{¶1} Petitioner, Ricky Johnson, has filed a petition for Writ of Habeas Corpus alleging unlawful detention based upon his contention that "the trial court erred when it failed to comply with the mandatory statute requirements pursuant to R.C. 2945.05, when it imposed a sentence that is unauthorized by law at a bench trial."

{¶2} Petitioner is imprisoned pursuant to a murder conviction arising out of the Cuyahoga County Court of Common Pleas. He is also currently serving sentences for burglary and breaking and entering for convictions in the Summit County Court of Common Pleas. It is Petitioner's position that the Cuyahoga County Court of Common Pleas improperly sentenced him because that court failed to comply with R.C. 2945.05. R.C. 2945.05 provides the procedure a trial court must use when a defendant desires to waive his right to a jury trial.

{¶3} First, we find habeas corpus is not available because Petitioner only challenges his murder conviction. Therefore, he remains incarcerated pursuant to other valid sentences. "[W]here one is in custody under sentences for multiple convictions for different crimes, any one of which, if valid, would warrant his present detention, errors relating to only one or less than all such convictions must be raised by appeal and not by habeas corpus. So long as a person is lawfully in custody for any reason, habeas corpus is not available to test the validity of other convictions. Page v. Green, Supt., 174 Ohio St. 178 N.E.2d 592." *McConnaughy v. Doe*, 174 Ohio St. 533, 534, 190 N.E.2d 576, 577 (1963).

{¶4} Further, we note the Supreme Court has found that "[h]abeas corpus is not available to challenge either sentencing errors or the validity or sufficiency of an

indictment. *State ex rel. Massie v. Rogers* (1997), 77 Ohio St.3d 449, 449-450, 674 N.E.2d 1383; *Smith v. Seidner* (1997), 78 Ohio St.3d 172, 173, 677 N.E.2d 336. These claims can be raised on direct appeal." *State ex rel. Thomas v. Money*, 80 Ohio St. 3d 494, 1997-Ohio-281, 495, 687 N.E.2d 455, 456.

{¶5}   While Petitioner expresses his claim in terms of an improperly imposed sentence, Petitioner's sole contention actually is that he is entitled to release because the trial court failed to comply with R.C. 2945.05.  In a habeas corpus case similar to the case at bar, the Supreme Court held, "[T]he failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction." *State v. Pless*, 74 Ohio St. 3d 333, 339, 1996-Ohio-102, 658 N.E.2d 766, 770.

{¶6}   Finally, the petition must be dismissed because the claims are barred by the doctrine of res judicata.  Petitioner filed a petition for habeas corpus in this Court which was assigned Richland County Case Number 13CA103.  Petitioner could have raised the claims brought in this case in the prior petition.  "Having filed [a] previous petition, [a petitioner] is barred by res judicata from filing a successive habeas corpus petition. *Wooton v. Brunsman,* 112 Ohio St.3d 153, 2006-Ohio-6524, 858 N.E.2d 413, ¶ 6." *Everett v. Eberlin*, 114 Ohio St. 3d 199, 2007-Ohio-3832, 201, 870 N.E.2d 1190, 1191.

{¶7}    For these reasons, the petition is denied.

By Farmer, P.J.

Delaney.J. and

Baldwin, J. concur.