[Cite as *State ex rel. Picard v. Robinson*, 2016-Ohio-1044.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO, EX REL. | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| JOHN S. PICARD | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
| Relator | : |  |
|  | : |  |
| -vs- | : | Case No. 15CA38 |
|  | : |  |
| JUDGE BRENT ROBINSON | : |  |
|  | : | O P I N I O N |
| Respondent | : |  |

CHARACTER OF PROCEEDING:          Writ of Mandamus

JUDGMENT:                                          Granted

DATE OF JUDGMENT ENTRY:          March 14, 2016

APPEARANCES:

For Respondent                               For Relator

BAMBI COUCH PAGE                     JOHN S. PICARD PRO SE
Richland County Prosecutor          #A572767
38 South Park Street, 2nd Floor     B.E.C.I.
Mansfield, OH 44902                      68518 Bannock Road
                                                        St. Clairsville, OH 43950

*Gwin, P.J.*

{¶1}    Relator, John S. Picard, has filed a Complaint for Writ of Mandamus and/or Procedendo requesting this Court order Respondent to issue a new sentencing entry. Relator was charged with numerous counts of sexual battery. His first case, Richland County Common Pleas Case Number 08-CR-545, involved two victims.  His second case, Case Number 09-CR-111, involved another three victims.

{¶2}    Following trial, appellant was convicted of all charges and was sentenced to an aggregate term of 40 years in prison, with 5 years mandatory post-release control. The trial court issued separate sentencing entries for each case.  The sentencing entry in Case Number 09-CR-111 was issued on September 4, 2009 and reads in part, "The defendant . . . shall pay restitution to the victims for counseling as submitted to the Richland County Clerk of Courts."  On the same date, the trial court issued two separate restitution orders:  one in the amount of $2,183.80 and one in the amount of $516.00. These amounts represent restitution owed to separate victims in Case Number 09-CR-111.

{¶3}    To confuse matters, these restitution orders contain both case numbers. After the instant petition was filed, the State requested a Nunc Pro Tunc entry be issued to remove the 2008 case number because the restitution has only been requested by two victims in the 2009 case number.

{¶4}    The requirements Relator must demonstrate to have this Court issue a writ are as follows:

{¶5}    In order for a court to issue a writ of mandamus, a relator must have a clear legal right to the relief prayed for, the respondent must have a clear legal duty to perform

the act requested, and the relator must have no plain and adequate remedy at law. *State ex rel. Husted v. Brunner,* 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, at ¶ 8.

**{¶6}** To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Miley v. Parrott,* 77 Ohio St.3d 64, 65, 1996-Ohio-350, 671 N.E.2d 24.

**{¶7}** "[P]rocedendo and mandamus will lie when a trial court has refused to render, or unduly delayed rendering, a judgment." *State ex rel. Reynolds v. Basinger,* 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, at ¶ 5. See, also, *Culgan,* supra, at ¶ 8; *State ex rel. Agosto v. Cuyahoga Cty. Court of Common Pleas,* 119 Ohio St.3d 366, 2008-Ohio-4607, 894 N.E.2d 314, at ¶ 8.

**{¶8}** Relator argues he is entitled to one document as his sentencing entry as required by *State v. Baker* and *State v. Lester.* The State argues *Baker* and *Lester* merely require "a" sentence and not necessarily the entire sentence to be a final order. We do not find Respondent's argument persuasive.

**{¶9}** An order of restitution imposed by the sentencing court on an offender for a felony is part of the sentence. *State v. Riggs,* 5th Dist. Licking No. 2009 CA 00041, 2009-Ohio-6821, ¶ 30.

**{¶10}** Further, multiple entries cannot be read together to comprise one final order because, under the Ohio Supreme Court *Baker* decision, only one document could constitute a final, appealable order. *State v. Riggs,* 5th Dist. Licking No. 2009 CA 00041, 2009-Ohio-6821, ¶ 31.

**{¶11}**  We find the trial court has not issued a final, appealable order because it has not issued one single judgment entry containing the entire sentence along with the other requirements of Crim.R.32.

**{¶12}**  The appropriate remedy for a trial court's failure to comply with Crim.R. 32(C) and *Baker* is a correction of the sentencing entry. *Id.* at ¶ 10, 893 N.E.2d 163; *McAllister v. Smith,* 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, at ¶ 7; *Culgan,* supra, at ¶ 11.

**{¶13}**  Appellee's concern is that Appellant has already obtained appellate review of his conviction and sentence.  "The Ohio Supreme Court concluded that [a] defendant [is] entitled to a new sentencing entry irrespective of prior appellate review, because the original sentencing entry did not constitute a final appealable order. *Id.* at ¶ 10-11, 895 N.E.2d 805." *State ex rel. Moore v. Krichbaum*, 7th Dist. Mahoning No. 09 MA 201, 2010-Ohio-1541, ¶ 13.

{¶14}  We grant the writ of mandamus and remand this matter to the trial court for the purpose of having the trial court correct the judgment entry of conviction and sentence by including the entire sentence in one document.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur