[Cite as *State v. Tate*, 2017-Ohio-7311.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17CA19 |
| LLOYD TATE | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Case No. 2012-CR-666D |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 18, 2017 |
| APPEARANCES: | |

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
Richland County, Ohio

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

LLOYD TATE, PRO SE
Inmate #634-143
Marion Correctional Inst.
P.O. Box 57
Marion, Ohio 43301

*Hoffman, J.*

**{¶1}**    Defendant-appellant Lloyd L. Tate appeals the January 23, 2017 Judgment Entry entered by the Richland County Court of Common Pleas denying his motion entitled "Direct Attack Statutorily Violations."  Plaintiff-appellee is the state of Ohio.

STATEMENT OF PROCEDURAL HISTORY[1]

**{¶2}**    On October 9, 2012, the Richland County Grand Jury indicted Appellant was indicted on one count of attempted murder, a felony of the first degree; and two counts of felonious assault, one for causing serious physical harm and one for use of a deadly weapon, both felonies of the second degree. A repeat violent offender specification and a vehicle forfeiture specification were attached to each count of the indictment.

**{¶3}**    Following a jury trial, Appellant was found guilty on all three counts in the indictment. The trial court then heard arguments regarding the repeat violent offender specification. The state of Ohio offered Appellant's conviction for robbery from 1989, in Richland County Case No. 89CR165. The trial court found Appellant guilty of the repeat violent offender specifications. The trial court also granted forfeiture of Appellant's truck.

**{¶4}**    The trial court sentenced Appellant to eleven (11) years in prison on the charge of attempted murder and two (2) years on the repeat violent offender specification. The felonious assault charges were found to be allied offenses to the attempted murder charge.

---

[1] A statement of facts underlying appellant's original convictions is unnecessary for our disposition of this appeal.

{¶5} On January 25, 2013, Appellant filed a notice of appeal to this Court of his convictions and sentence. The transcript was filed on April 9, 2013. Appellant filed his brief with this Court on June 10, 2013, arguing, in part, the trial court erred in finding him to be a repeat violent offender and sentencing him to two years consecutive to the maximum sentence on the attempted murder charge.[2]

{¶6} On November 21, 2013, in *State v. Tate,* 5th Dist. Richland No. 13 CA 5, 2013–Ohio–5150, this Court affirmed Appellant's convictions, sentence, and repeat violent offender specification finding.

{¶7} On August 29, 2014, Appellant filed a motion for delayed appeal with the Ohio Supreme Court. The motion was denied on October 22, 2014 in *State v. Tate,* 140 Ohio St.3d 1465, 2014–Ohio–4629, 18 N.E.2d 445.

{¶8} On March 23, 2015, Appellant filed with this Court a motion to reopen his direct appeal, which was denied on May 19, 2015. Appellant appealed the denial to the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction of Appellant's appeal on August 26, 2015.

{¶9} Appellant filed a motion to correct sentence on September 18, 2014 with the trial court. The state of Ohio filed a response. The trial court issued a judgment entry denying appellant's motion on April 9, 2015. The trial court found the motion to correct sentence to be a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court first found the motion to be untimely, as the petition was not filed until September 18,

---

[2] In *State v. Tate*, Richland App. No. 13CA5, 2013-Ohio-5150, Appellant assigned as error, "II. It was an error to sentence Tate to an additional two years in excess of statutory maximum sentence on the repeat violent offender specification." Appellant argued the trial court failed to make a finding Appellant caused or threatened to cause serious physical harm in his 1989 robbery conviction. This Court disagreed.

2014, and a timely post-conviction relief petition had to be filed by April 9, 2014. Additionally, the trial court found res judicata applied because this Court had previously addressed and overruled Appellant's argument.

{¶10} Appellant filed an appeal from the trial court's April 29, 2015 denial of his motion to correct sentence in *State v. Tate*, Richland App. No. 15-40, 2015-Ohio-3859. This Court held,

Appellant argues that he could not be sentenced to a repeat violent offender specification under R.C. 2929.14(B)(2)(b) because his prior conviction was not within the last twenty years. Further, that the prior offense of robbery was not proven to be a prior offense of violence. These matters were all contained in the trial record and thus appellant cannot show that he was unavoidably prevented from the discovery of the facts upon which he relies on for relief or that this is newly-discovered evidence. Appellant does not set forth any argument in his brief as to the delay in filing, why he meets the exception requirements contained in R.C. 2953.23(A)(1) or (A)(2), or how the petition otherwise complies with R.C. 2953.23(A)(1) or (A)(2). As such, appellant has failed to meet his burden under R.C. 2953.23(A)(1) or (A)(2) to file an untimely petition for post-conviction relief.

In addition, any errors as to these issues either were or could have been raised on direct appeal and are therefore barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding,

except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issues is outside the record. *State v. Millanovich,* 42 Ohio St.2d 46, 325 N.E.2d 540 (1975). Appellant's arguments do not raise any issues that are dependent upon evidence outside the record. Further, in appellant's direct appeal, this Court found that the trial court did not err in finding him to be a repeat violent offender and sentencing him to two years consecutive to the maximum sentence on the attempted murder charge. Accordingly, the arguments appellant makes either were or could have been raised and argued on direct appeal.

**{¶11}** The Supreme Court declined jurisdiction on December 2, 2015.

**{¶12}** On January 20, 2017, Appellant filed a motion in the trial court entitled, "Direct Attack Statutorily Violations, (Jury and RVO) (Not A Post-Conviction Motion.)" Via Judgment Entry entered January 31, 2017, the trial court overruled Appellant's motion. It is from that judgment entry Appellant prosecutes this appeal, assigning as error:

I. THE TRIAL COURT ABUSED ITS DISCRETION, AND DISREGARDED STATUTORIAL MANDATES, WHEN IT IMPOSED A

JURY CHANGE CONTRARY TO LAW, O.R.C. 2945.24, 2945.29, 2313, 2313.13 AND CRIMINAL RULE -24(G).

II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED A STATUTORIAL VIOLATION WHEN IT SENTENCED TATE AS A REPEAT VIOLENT OFFENDER; CONTRARY TO LAW WITHOUT DETERMINING ELEMENT OF HARM, O.R.C. 2929.01(DD), (2), (a), (i).

I.

{¶13} In the first assignment of error, Appellant maintains the trial court erred in releasing a juror as the alternate.

{¶14} Upon review, the argument raised by Appellant either was raised or was capable of being raised on direct appeal in *State v. Tate,* 5th Dist. Richland No. 13 CA 5, 2013–Ohio–5150; therefore, the argument is barred by res judicata.

{¶15} Appellant's first assignment of error is overruled.

II.

{¶16} As set forth above, Appellant raised this issue assigned as his Second Assignment of Error on direct appeal in *State v. Tate*, 2013-Ohio-5150, and on appeal of his converted motion for post-conviction relief in or on appeal of the denial of his converted motion for post-conviction relief in *State v. Tate*, Richland App. No. 15-40, 2015-Ohio-3859. We do not find the sentence imposed by the trial court illegal; therefore, the sentence is not void and res judicata applies.

{¶17} Appellant's second assignment of error is overruled.

{¶18} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Wise, Earle, J. concur