[Cite as *State v. Newlon*, 2025-Ohio-2462.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| JASON G. NEWLON, | : | Case No. CT2025-0034 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CR2023-0126

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                July 9, 2025

APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JOSEPH A. PALMER                         PAUL SCARSELLA
MUSKINGUM COUNTY PROSECUTING             511 South High Street
  ATTORNEY'S OFFICE                      Columbus, OH  43215
27 North Fifth Street
Zanesville, OH  43702

*Montgomery, J.*

{¶1}   Defendant-Appellant, Jason Newlon ("Appellant") appeals the decision of the Muskingum County Court of Common Pleas Judgment Entry dated February 20, 2025, denying his Petition to Vacate or Set Aside Judgment of Conviction and Sentence without a hearing.  For the reasons set forth below, we AFFIRM.

## STATEMENT OF THE CASE

{¶2}   After Appellant was indicted on 31 counts of sexual abuse involving his two stepdaughters and pleading not guilty, a jury trial was conducted in the Muskingum County Court of Common Pleas.  The jury found Appellant guilty of all charges.  Appellant was sentenced to 66 1/2 years in prison.  On November 1, 2023, Appellant, through counsel, filed a Notice of Appeal to this Court asserting seven (7) assignments of error.[1] On December 4, 2023, the trial transcript was filed with this Court.  On September 6, 2024, this Court affirmed the convictions and overruled the assignments of error in their entirety.  *State v. Newlon*, 2024-Ohio-3433 (5th Dist.), appeal not allowed*,* 2025-Ohio-231.  On December 24, 2024, Appellant filed a Petition to Vacate or Set Aside Judgment of Conviction and Sentence ("Petition") and requested a hearing on the matter.  On February 20, 2025, after appropriate briefing, the trial court denied the Motion without an

---

[1] The assignments of error asserted in the direct appeal were as follows:  (1) the trial court erred in amending Appellant's indictment (counts one through three) to include a two-year time period when the victim was nine and ten; (2) the introduction of inadmissible evidence was reversibly prejudicial in Appellant's trial; (3) the evidence against Appellant was legally insufficient as to the rape counts to which R.C. 2971.03 applies, and should be reversed. The evidence against Appellant of serious physical harm as to the child endangering counts, should be reversed; (4) the manifest weight of the evidence weighs in favor of not convicting Appellant (5) Appellant's convictions should be reversed because his counsel was prejudicially ineffective; (6) Appellant's convictions should be reversed due to prosecutorial misconduct in rebuttal closing remarks; and (7) Appellant was denied his right to a fair trial in this case because of cumulative error.

evidentiary hearing. See Judgment Entry, filed December 24, 2024. Appellant filed the instant appeal.

## ASSIGNMENT OF ERROR

**{¶3}** "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S POST-CONVICTION MOTION WITHOUT CONDUCTING AN EVIDENTIARY HEARING IN VIOLATION OF R.C. 2953.21."

## STANDARD OF REVIEW AND ANALYSIS

### *Postconviction Generally – R.C. 2953.21*

**{¶4}** In Ohio, "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" is permitted to "file a petition in the court that imposed [the] sentence, * * * asking the court to vacate or set aside the judgment or sentence." R.C. 2953.21(A)(1)(a)(i); *State v. Johnson*, 2024-Ohio-134. The Ohio Supreme Court defines a postconviction proceeding as a collateral civil attack on the judgment, such that the right to file for such relief is a statutory right, not a constitutional one. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Broom*, 2016-Ohio-1028, ¶ 28. Therefore, a postconviction petitioner "receives no more rights than those granted by the statute." *Calhoun*, at 281.

**{¶5}** An individual must file his or her petition within the required statutory time frame. R.C. 2953.21(A)(2)(a) provides "[e]xcept as otherwise provided in [R.C. 2953.23], a petition * * * shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." If a postconviction petition is untimely, a trial court generally lacks

subject-matter jurisdiction to adjudicate the petition unless an exception applies. *State v. Apanovitch,* 2018-Ohio-4744, ¶¶ 36, 38. Whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition is a question of law, which appellate courts review de novo. *Apanovitch*, ¶ 24.

{¶6} In turn, R.C. 2953.23 governs the trial court's jurisdiction to hear untimely and successive petitions. R.C. 2953.23 states, in pertinent part:

(A)    Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies[2]:

(1)    Both of the following apply:

(a)    Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * *

(b)    the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶7} A petitioner's failure to satisfy R.C. 2953.23(A) deprives the trial court of jurisdiction to adjudicate the merits of an untimely or successive petition. Ohio appellate courts have reached the same conclusion. *Apanovitch*, ¶¶ 36, 38 (numerous citations omitted); *State v. Martin*, 2025-Ohio-144, ¶ 23 (11th Dist.) (noting that Ohio's

---

[2] Subsection (A)(2) clearly does not apply to this case.

postconviction statute permits a petitioner to file an untimely or successive petition for postconviction relief only under specific, limited circumstances).  Indeed, in *Apanovitch*, the Court stated:

> Subject-matter jurisdiction "connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. By providing that a court "may not entertain" an untimely or successive postconviction petition except in limited circumstances, R.C. 2953.23(A) plainly prohibits a court from hearing and deciding on the merits a petition that does not meet one of the exceptions.
>
> *Id*. at ¶ 38.

{¶8}    Regarding entitlement to a hearing, a petitioner's right is not automatic. *State v. Calhoun,* 86 Ohio St.3d 279, 282 (1999); *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980).  Indeed, R.C. 2953.21(D) provides that before granting such a hearing, the court shall determine whether there are "substantive grounds for relief."  In making that determination, "the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(F) further states the trial court must hold a prompt hearing "unless the petition and the files and records of the case show the petitioner is not entitled to relief." "[B]road assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter

of law to impose an evidentiary hearing." *State v. Lichtenwalter*, 2021-Ohio-1394, ¶ 42 (5th Dist.), citing *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980).

{¶9}     Thus, a petitioner bears the initial burden to "submit evidentiary documents containing *sufficient* operative facts to demonstrate * * * " "that [constitutional] errors did occur and that the errors resulted in prejudice." (Emphasis added) *Calhoun* at 283, quoting *Jackson,* supra, at syllabus; *State v. Bunch*, 2022-Ohio-4723, ¶ 24. If the record on its face disproves the petitioner's claims, the court may dismiss the petition without a hearing.  *State v. Wright*, 2023-Ohio-2895, ¶ 21.   Stated another way, the trial court performs a gatekeeping role as to whether a defendant will receive a hearing and may dismiss a petition without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 1999-Ohio-102, paragraph two of the syllabus; *State v. Clinton*, 2024-Ohio-4720, ¶¶ 17-19, quoting *Bunch*, ¶ 23.

{¶10} Importantly, the decision to deny a petition for postconviction relief without holding an evidentiary hearing is within the sound discretion of the trial court. *State v. Lichtenwalter*, 2021-Ohio-1394 (5th Dist.). An abuse of discretion means a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

### Appellant's Petition was Untimely Filed, thus Triggering R.C. 2953.23

{¶11} Here, Appellant argues that the trial court erred in denying his petition without first conducting a hearing.  However, as an initial matter, we must address whether Appellant's petition was timely filed.  The full trial transcript associated with his

direct appeal was filed with this Court on December 4, 2023, but his Motion for postconviction relief was filed on December 24, 2024, more than 365 days after the transcript. Thus, pursuant to R.C. 2953.21, Appellant's petition was untimely filed and the trial court lacked jurisdiction to adjudicate Appellant's post-conviction petition <u>unless</u> Appellant meets the standard set forth in R.C. 2953.23(A)(1)(a) and (b). *Apanovitch*, ¶ 38. Appellant must demonstrate he was both "unavoidably prevented" from discovering the facts upon which he must rely to present the claim for relief and "but for constitutional error" at trial (ineffective assistance of counsel), the result would have been different. We conclude that Appellant fails to meet these statutory requirements.

**{¶12}** First, Appellant does not explain how any such "facts" are new or how he was unavoidably prevented from discovering them prior to his trial. *Martin*, ¶ 47. A petitioner is "unavoidably prevented" from the discovery of facts only if he had "no knowledge of the existence of those facts and could not have learned of their existence within the time specified for filing his petition in the exercise of reasonable diligence." *State v. Holnapy*, 2013-Ohio-4307, ¶ 32 (11th Dist.). Thus, "facts" as contemplated by the statute are the historical facts of the case, which occurred up to and including the time of conviction. *State v. Turner*, 2007-Ohio-1468, ¶ 11 (10th Dist.); *State v. Black*, 2022-Ohio-3119, ¶ 11 (10th Dist.) ("[T]he exception provided in R.C. 2953.23(A)(1)(a) involves newly discovered evidence."). Newly discovered legal arguments or defenses are not newly discovered facts as contemplated by the statute. *Martin*, ¶ 59.

**{¶13}** Here, Appellant's "new" evidence is an alleged witness/witnesses "that can testify to a [c]ontradictory statement made by witnesses that took the stand and made perjurious statements against me, and physical evidentiary documents and recordings of

the witnesses themselves speaking in contradiction of their own statements." See *Reply Brief to State's Memo in Opposition to Petition*, at p. 2, filed Jan. 21, 2025. Appellant does not provide any information regarding the witness(es), whether said witness(es) previously testified, and there are no supporting affidavits from said witness(es). Most importantly, Appellant completely fails to demonstrate, or even allege, how or why he was "unavoidably prevented" from discovering same. Likewise, Appellant does not set forth the nature of any documents or recordings or that he claims contain "exculpatory" evidence. Simply stated, Appellant's Petition contains nothing more than self-serving statements and arguments that are insufficient to meet the standard set forth in R.C. 2953.23(A)(1)(a).

{¶14} Similarly, Appellant cannot demonstrate by clear and convincing evidence that "but for constitutional error" at trial - alleged ineffective assistance of counsel – the result would have been different. See R.C. 2953.23(A)(1)(b); *Lichtenwalter*, ¶¶ 45-46. Appellant asserts that his trial counsel failed to do the following: (1) to investigate or introduce exculpatory evidence provided by the Appellant; (2) to adequately cross examine prosecution witnesses; (3) to object to perjured testimony; (4) to investigate concerns that a juror fell asleep during trial; and (5) to object to instances of prosecutorial misconduct. Notably, Appellant raised similar claims in his direct appeal and his claims were rejected.[3] Importantly, when a petition for post-conviction relief is based on ineffective assistance of counsel, the petitioner must submit "evidence dehors the record." *State v. Schlee*, 1998 WL 964291, at *5-6 (11th Dist.). The evidence outside the record "must meet some threshold standard of cogency." *Id.* at *5 (holding that the evidence

---

[3] See the analysis below regarding res judicata.

must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights).

**{¶15}** To prevail on a Sixth Amendment claim alleging ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that his counsel's deficient performance in fact prejudiced him or her.[4] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Mansfield v. Studer,* 2012-Ohio-4840 (5th Dist.). To show deficiency, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Regarding prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs. *Knowles v. Mirzayance,* 556 U.S. 111 (2009).

**{¶16}** Importantly, due to "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland* at 689. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689; *Studer* at ¶¶ 58-61.

**{¶17}** Here, Appellant's direct appeal argued ineffective assistance of counsel alleging some of the same arguments as asserted in the instant petition. The record reveals that trial counsel properly requested any exculpatory evidence from the prosecution prior to trial, that trial counsel objected to evidence at appropriate times, that

---

[4] Although the instant claim is presented in a Petition for postconviction relief, the Sixth Amendment analysis remains instructive.

trial counsel fully cross-examined each witness at trial to expose discrepancies in testimony, and that trial counsel zealously argued and advocated on behalf of Appellant at all stages leading up to trial, at the trial itself, and through the sentencing phase. That Appellant does not agree with some of the strategic decisions made by trial counsel falls short of demonstrating constitutional error. This Court will not second guess trial strategy, particularly in a case such as this with very serious charges and strong evidence against Appellant. *Strickland* at 689; *Studer* at ¶¶ 58-61.

{¶18} Further, the evidence in the record is beyond sufficient to convince a reasonable factfinder of Appellant's guilt. Both victims testified in detail about how the abuse started when they were only 9 years old, how often it occurred, the specific acts that occurred, and the fact that it took place for many, many years. In the direct appeal, this Court stated:

Based upon the entire record in this matter, we find Appellant's convictions are not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Appellant's guilt. * * *

There is substantial evidence on which the jury could properly conclude beyond a reasonable doubt that Appellant committed the acts for which he was indicted and convicted. * * * Therefore, in light of the evidence, as well as the record in its entirety, we find the jury clearly did not lose its way concluding that Newlon was guilty. We find that the jury did not disregard or overlooked compelling evidence that weighed against conviction.

*Newlon*, ¶¶ 130, 131.

{¶19} Upon our de novo review under R.C. 2953.23 regarding untimely petitions, we conclude Appellant cannot demonstrate (1) that he was unavoidably prevented from discovering the "facts" that he now relies upon and/or (2) that his trial counsel's alleged errors in fact prejudiced Appellant such that no reasonable factfinder would have found him guilty of the offenses for which he was convicted. On its face, the record disproves Appellant's entitlement to any relief. Accordingly, the trial court did not abuse its discretion in denying Appellant's untimely petition without conducting a hearing.

### *Res Judicata also bars Appellant's renewed claim of ineffective assistance of counsel*

{¶20} Relatedly, the State argues that the doctrine of res judicata bars Appellant's "renewed claim" of ineffective assistance of counsel. The doctrine of res judicata applies to postconviction relief proceedings. *State v. Perry,* 10 Ohio St.2d 175, 179 (1967). The general rule of res judicata is that "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any [claim] that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Blanton*, 2022-Ohio-3985, ¶ 91, quoting *Perry* at 180; *State v. Weaver*, 2018-Ohio-2509, ¶ 17 (5th Dist.) (a defendant is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal).

{¶21} Specifically, as applied to claims of ineffective assistance of counsel and postconviction relief, res judicata does not bar a postconviction ineffective-assistance-of-counsel claim when either of the following apply: (1) the petitioner had the same attorney

at trial and on appeal; or (2) the petitioner must rely on evidence "outside the trial record" to establish his or her claim for relief. *State v. Clinton*, 2024-Ohio-4720, ¶ 21 (6th Dist.). The converse is that when the petitioner had a new attorney on appeal, and the claim could have been litigated based on the trial record, res judicata applies and the postconviction claim is barred. *Id.*; see also *McGuire v. Warden, Chillicothe Corr. Inst.,* 738 F.3d 741 (6th Cir. 2013) (stating that under Ohio law, res judicata does not bar a defendant from raising ineffective assistance of counsel in a petition for postconviction relief *if the claim is based on evidence outside the record*, even when the issue of ineffective assistance of counsel was raised on direct appeal).

{¶22} Here, Appellant's counsel for his direct appeal was different than his trial counsel, and said counsel asserted a claim of ineffective assistance of counsel as an assignment of error. This Court rejected Appellant's claim. As set forth in the analysis above, Appellant's handwritten statements attached to the current Petition citing additional claims of "constitutional violations" are self-serving at best and certainly do not constitute actual evidence outside the trial record. Indeed, Appellant's direct appellate brief was over 40 pages, raising similar if not the same "constitutional errors" Appellant states in the Petition at issue. Because Appellant's "renewed" ineffective assistance of counsel claim could have been litigated in his direct appeal, res judicata also bars Appellant's Petition. For the reasons set forth in this opinion, Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶23} The decision of the Muskingum County Court of Common Pleas denying Appellant's Petition to Vacate or Set Aside Conviction and Sentence, without a hearing,  is affirmed.  Appellant's sole assignment of error is overruled.

By:  Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.