[Cite as *State v. Picard*, 2025-Ohio-2700.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. Kevin W. Popham, J. |
| Plaintiff-Appellee | : | Hon. David M. Gormley, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2025-CA-0015 |
| JOHN S. PICARD | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Richland County Court of Common Pleas, Case No. 2009-CR-0111

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 31, 2025

APPEARANCES:

For Plaintiff-Appellee

JODIE M. SCHUMACHER
PROSECUTING ATTORNEY
BY: MEGAN HOBART
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

JOHN S. PICARD, Inmate No. A-572-767
Belmont Correctional Institution
P.O. Box 540
68518 Bannock Rd. (State Route 331)
St. Clairsville, OH 43950

*Popham, J.,*

{¶1} Appellant John S. Picard appeals the January 25, 2025, judgment entry of the Richland County Court of Common Pleas. Appellee is the State of Ohio. For the reasons below, we affirm.

*Facts & Procedural History*

{¶2} Appellant was initially indicted in Case Number 08-CR-545 for sexual battery against juvenile victims H.G. and G.R. The State moved to amend the indictment to include offenses against H.G. and G.R. after they turned eighteen years old. Appellant was later indicted in Case Number 09-CR-111 for sexual battery against victims S.W., L.R., and S.S. The two cases were consolidated for trial.

{¶3} Appellant was convicted of all charges and sentenced to an aggregate prison term of forty years, with five years mandatory post-release control. This Court affirmed the judgment on appeal. *State v. Picard*, 2010-Ohio-6358 (5th Dist.) ("*Picard I*").

{¶4} Appellant filed a motion to reopen his appeal, arguing his appellate counsel was ineffective for failing to raise a claim of insufficient evidence as to six of the eight counts of sexual battery against H.G. We granted the motion to reopen, and, upon reopening, found the evidence was sufficient to support three of the eight counts of sexual battery against H.G. We reversed the convictions on the remaining five counts and remanded the case to the trial court for resentencing. *State v. Picard*, 2011-Ohio-6781 (5th Dist.) ("*Picard II*").

{¶5} On remand, the trial court dismissed counts twelve through sixteen of the indictment, and resentenced appellant on counts nine through eleven. Appellant again appealed to this Court. We affirmed the trial court's resentencing in *State v. Picard*, 2014-

Ohio-2924 (5th Dist.) ("*Picard III*").

{¶6} In June of 2014, appellant filed an "Ex Parte Motion to Proceed to Judgment and Order, thereafter to Vacate the Void Judgment with Prejudice." On July 14, 2014, the trial court overruled the motion, finding it to be an untimely (by almost five years) petition for postconviction relief, and finding appellant's arguments were barred by res judicata. This Court affirmed the trial court's decision, finding appellant's claims were barred by res judicata. *State v. Picard*, 2015-Ohio-431 ("*Picard IV*").

{¶7} Appellant filed a mandamus complaint with this Court on April 29, 2015, requesting an order to require the trial court to issue a new sentencing entry in Case Number 09-CR-111, so the sentence would be contained in one document. The trial court originally issued separate sentencing entries for Case Numbers 08-CR-545 and 09-CR-111. The sentencing entry in Case Number 09-CR-111 ordered appellant to pay restitution to the victims for counseling as submitted to the Richland County Clerk of Courts. The trial court issued two separate restitution orders to represent restitution owed to separate victims in Case Number 09-CR-111. However, the restitution orders contained both case numbers.

{¶8} In 2016, this Court granted the writ of mandamus as to the 2009 case. We found that, pursuant to *State v. Baker*, 2008-Ohio-3330, and Criminal Rule 32(C), the trial court did not issue a final appealable order in the 2009 case because it had not issued one single judgment entry containing the entire sentence, as the restitution orders containing the actual amounts of restitution were in documents separate from the sentencing entry. *State ex rel. Picard v. Robinson*, 2016-Ohio-1044 (5th Dist.) ("*Picard V*"). We remanded the matter to the trial court to correct the sentencing entry.

{¶9}    In February of 2017, the trial court issued a nunc pro tunc sentencing entry in Case Number 09-CR-111, combining the previously separate 2009 restitution orders and sentence into one document.  Appellant filed a motion for reconsideration of the nunc pro tunc entry, arguing he should have been present in court for resentencing.  Appellant also argued the sentences for Case Numbers 08-CR-545 and 09-CR-111 should have been in one sentencing entry.  The trial court denied his motion.

{¶10}   Appellant appealed both the nunc pro tunc sentencing entry and the denial of the motion for reconsideration to this Court, arguing: (1) the trial court erred in sentencing appellant outside of his presence; (2) the trial court violated appellant's speedy trial rights; (3) the trial court did not have subject matter jurisdiction over appellant; (4) there was insufficient evidence to convict appellant on five counts contained in the 2008 case; (5) there was insufficient evidence to convict appellant on seventeen counts contained in the 2009 case; (6) the offenses in the 2009 case are allied offenses and appellant should have been sentenced accordingly; (7) the indictments in the cases were wrongfully amended, and included dates outside of the dates filed in the original indictments; (8) ineffective assistance of trial counsel; (9) cumulative error; and (10) the trial court committed error when imposing court costs.

{¶11}   In *State v. Picard,* 2017-Ohio-7600 (5th Dist.) (*"Picard VI"*), we found assignments of error two through ten were barred by the doctrine of res judicata.  With regards to appellant's first assignment of error, we held as follows, "the trial court properly corrected the *Baker* violation found in *Picard V* with a nunc pro tunc sentencing entry … appellant's argument that he was entitled to a new sentencing hearing is unsupported by the law and the record."  *Id.* at ¶ 46.  We additionally held that, "where a trial court issues

a corrected judgment entry to comply with Crim.R. 32, a defendant who has already had the benefit of a direct appeal cannot raise any and all claims of error in successive appeals." *Id.* at ¶ 49. Further, a "nunc pro tunc entry issued solely for the purpose of complying with Crim.R. 32 applies retrospectively to the judgment it corrects and is not a new final appealable order." *Id.*

{¶12} While he was filing multiple motions and appeals in state court, appellant also filed several federal court habeas corpus petitions pursuant to 22 U.S.C. 2254. Appellant filed his first habeas petitions in 2011, challenging his convictions and sentences in both Case Numbers 08-CR-545 and 09-CR-111. The district court denied the petitions and declined to issue a certificate of appealability. *Picard v. Miller*, 2012 WL 3976795 (S.D. Ohio Sep. 11, 2012). Appellant filed a second habeas petition in 2018, challenging his convictions and sentences only in the 2009 case. The district court transferred the petition to the Sixth Circuit Court of Appeals as a second or successive petition pursuant to 22 U.S.C. 2244. *Picard v. Gray*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019). The Sixth Circuit held that the district court properly determined the petition was a second or successive petition because: (1) the 2013 resentencing in the 2008 case had no impact upon appellant's challenge to his convictions and sentences in the 2009 case that he sought to raise in his second petition and (2) the 2017 nunc pro tunc judgment entry in the 2009 case did not constitute an intervening judgment for second-or-successive purposes because that judgment merely amended the original judgment entry to reflect the restitution the trial court had previously ordered Picard to pay. *In re Picard*, No. 19-3263 at *3-4 (6th Cir. Sep. 30, 2019). The Sixth Circuit denied appellant authorization to file a second or successive petition in the 2009 case. *Id.* at 5.

{¶13} Appellant filed another habeas petition in 2023, challenging his convictions and sentences in both the 2008 and 2009 cases. The district court determined it was a second or successive petition, and again transferred the case to the Sixth Circuit Court of Appeals. *Picard v. Gray*, No. 1:23-cv-01416-JJH (N.D. Ohio Jan. 23, 2024). The Sixth Circuit issued an opinion on September 5, 2024. *In re Picard*, No. 24-3057 (6th Cir. Sep. 5, 2024). As to the 2008 case, the Sixth Circuit found the 2013 resentencing amounted to a full resentencing; thus, appellant could challenge his convictions and sentences in the 2008 case without triggering the gatekeeping requirements of 22 U.S.C. 2244. Accordingly, the Sixth Circuit denied as unnecessary appellant's motion for authorization to file a second or successive petition in the 2008 case.

{¶14} With regard to the 2009 case, the Sixth Circuit found it had already determined in 2019 that a proposed petition challenging appellant's convictions and sentences in the 2009 case was a second or successive petition because the 2017 judgment entry in that case was not a full resentencing or new judgment. The Sixth Circuit concluded the district court properly transferred the portion of the petition dealing with the 2009 case as a second or successive petition. The Sixth Circuit then denied appellant's motion for authorization to file a second or successive petition challenging the convictions and sentences in Case Number 09-CR-111.

{¶15} After the Sixth Circuit Court of Appeals' September 5, 2024, opinion, appellant filed a motion to vacate illegal sentence in this case. Appellant argued that his sentence in the 2008 case is illegal because it was impermissibly "merged" into the 2009 sentence. Appellant relied upon the 2024 opinion of the Sixth Circuit to support his argument.

{¶16} The trial court issued a detailed judgment entry on January 23, 2025, overruling appellant's motion to vacate illegal sentence. The trial court construed appellant's motion to vacate illegal sentence as a petition for postconviction relief pursuant to R.C. 2953.23(A)(1). The trial court found as follows: appellant presented no new facts, or new federal or state right, that would allow for an untimely or successive petition for postconviction relief; any alleged error with the sentencing entries would have had no effect upon the jury's finding appellant guilty; and appellant's arguments were barred by the doctrine of res judicata. The trial court also noted that the sentences for the 2008 and 2009 cases did not "merge" as appellant asserts. Thus, he was not deprived of any rights with regard to his habeas corpus petition in federal court.

{¶17} Appellant appeals the January 23, 2025, judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶18} "I. APPELLANT'S U.S. CONSTITUTIONAL 14TH AMENDMENT RIGHT WAS VIOLATED WHEN THE COURT DETERMINED THAT THE COMBINATION OF TWO JUDGMENT ENTRIES DID NOT HAPPEN, REMOVING HIS CONSTITUTIONAL RIGHT TO A FINAL, APPEALABLE ORDER."

{¶19} "II. APPELLANT'S U.S. CONSTITUTIONAL 14TH AMENDMENT RIGHT WAS VIOLATED WHEN THE COURT DETERMINED THAT A JUDGMENT ENTRY FOR CASE NO. 08-CR-545 EXISTS, WHEN IN FACT IT DOES NOT."

{¶20} "III. APPELLANT'S U.S. CONSTITUTIONAL 14TH AMENDMENT RIGHT WAS VIOLATED WHEN THE COURT DETERMINED THAT A CHALLENGE TO AN ILLEGAL SENTENCE CAN BE BARRED BY RES JUDICATA."

*Timeliness*

{¶21} The trial court treated appellant's motion as a successive petition for postconviction relief, as defined in R.C. 2953.21, because the motion (1) was filed subsequent to the expiration of appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights, i.e., the denial of his Fourteenth Amendment rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158 (1997). We find no error in the trial court's finding that appellant's motion constitutes a petition for postconviction relief as defined in R.C. 2953.21.

{¶22} Thus, we must first address the timeliness of appellant's petition. R.C. 2953.21(A)(2) provides a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction …." Appellant's petition was filed well beyond the time limits set by R.C. 2953.21. Accordingly, his petition was untimely.

{¶23} A trial court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements set forth in R.C. 2953.23(A). *State v. Bates*, 2012-Ohio-4360, ¶ 36 (5th Dist.). In order for a court to grant an untimely postconviction petition, both of the following must be met:

> (a) either the petitioner shows that the petitioner was unavoidably prevented
> from discovery of the facts upon which the petitioner must rely to present
> the claim for relief, or, subsequent to the period prescribed in division (A)(2)
> of section 2953.21 of the Revised Code or to the filing of an earlier petition,

the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petitioner asserts a claim based on that right; and (b) the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted …

R.C. 2953.23(A)(1).

{¶24} A petitioner is unavoidably prevented from the discovery of facts only if he had "no knowledge of the existence of those facts and could not have learned of their existence within the time specified for filing his petition in the exercise of reasonable diligence." *State v. Holnapy*, 2013-Ohio-4307, ¶ 32 (11th Dist.). Thus, "facts" as contemplated by the statute are the historical facts of the case, which occurred up to and including the time of conviction. *State v. Turner*, 2007-Ohio-1468, ¶ 11 (10th Dist.). Newly discovered legal arguments or defenses are not newly discovered facts as contemplated by the statute. *State v. Newlon*, 2025-Ohio-2462 ¶ 12 (5th Dist.).

{¶25} Appellant contends that, when the trial court issued its nunc pro tunc sentencing entry in 2017, his sentences for the 2008 and 2009 cases were "merged" into the sentencing entry in the 2009 case and thus the 2008 case "no longer exists." He argues that because he lacks a separate sentence in the 2008 case, the alleged "merged" judgment entry deprives him of the right to file a habeas petition in federal court. Appellant contends the opinion by the Sixth Circuit on September 5, 2024, in which the court allegedly stated the 2008 and 2009 sentencing entries were "merged," constitutes evidence that he was unavoidably prevented from discovering the facts upon which he

relies to present his claim for relief because he could not discover this information until the Sixth Circuit "revealed" this merger.

{¶26} Appellant misunderstands the statements of the Sixth Circuit. The Sixth Circuit did *not* find that the sentencing entries for 08-CR-545 and 09-CR-111 were "merged" or that no final appealable order was issued. Rather, the Sixth Circuit acknowledged there were two separate sentencing entries. As explained by the Sixth Circuit both in 2019 and 2024, the 2017 nunc pro tunc sentencing entry in Case No. 09-CR-111 did not constitute a new sentence because the nunc pro tunc entry merely amended the original judgment entry to reflect the restitution that the trial court had previously ordered him to pay. Thus, both the habeas petitions filed in 2019 and 2023 as to Case Number 09-CR-111 were successive to the petition filed in 2011. However, the habeas petition filed in 2023 was *not* a successive petition as to Case Number 08-CR-545 because a new sentencing entry was issued in 2013 and a new resentencing hearing was held in 2013.

{¶27} The Sixth Circuit specifically noted that appellant's petition in 2019 sought only to challenge his convictions and sentences in Case Number 09-CR-111, not Case Number 08-CR-545, and that is why the 2023 habeas petition was not a successive petition with regards to the 2008 case. The Sixth Circuit thus specifically explained why the two cases were treated differently, and did not state or hold that the sentencing entries were "merged." As has been the case throughout these proceedings, a sentencing entry exists in both Case Numbers 08-CR-557 and 09-CR-111. Appellant has taken multiple appeals from these judgment entries. Thus, appellant was not unavoidably prevented from discovering facts sufficient to meet his burden pursuant to R.C. 2953.23(A)(1).

{¶28} Appellant further argues the Sixth Circuit's alleged "bifurcation" of the 2008 and 2009 cases amounts to newly discovered evidence to support his claim that there is no final appealable order. Appellant again misunderstands the holding of the Sixth Circuit. The court did not "bifurcate" the cases. It made its ruling based upon two separate sentencing judgment entries, one of which was previously examined in a habeas petition, and one of which had not been previously examined in a habeas petition due to a new sentencing hearing.

{¶29} Appellant also repeatedly cites this Court's statement in *Picard V*, in which we granted the writ of mandamus, for the proposition that there is no final appealable order in Case Number 09-CR-111. In *Picard V*, this Court did not order the sentences for both the 2008 and 2009 cases to be in the same judgment entry as appellant continually argues. Rather, we ordered that the restitution be included in the same document as the remainder of the sentence rather than in a separate statement of restitution. Criminal Rule 32(C) does not require multiple judgments of conviction to be addressed in a single judgment entry. The rule states that, "multiple judgments of conviction *may* be addressed in one judgment entry." Crim.R. 32(C).

{¶30} Further, in *Picard VI*, we specifically found a final appealable order exists in the 2009 case, and the nunc pro tunc judgment entry issued in 2017 "is not a new final appealable order." *Picard VI* at ¶ 39. The ruling of the Sixth Circuit on September 5, 2024, has nothing to do with whether a final appealable order was issued in either Case Number 08-CR-545 or 09-CR-111.

{¶31} Appellant has failed to show that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief or that a new

federal or state right accrued retroactively to his claim. R.C. 2953.23(A)(1). Additionally, appellant fails to demonstrate, by clear and convincing evidence, that, but for a constitutional error, no reasonable factfinder would have found him guilty of the offense, as any alleged error with his sentencing entries would have no effect on the jury's finding of guilt. Accordingly, the trial court did not commit error in denying appellant's motion because appellant's postconviction petition is untimely and does not meet the requirements of R.C. 2953.23(A)(1).

### I. & II.

{¶32} In his first assignment of error, appellant contends the trial court's determination that the sentencing entries were not "merged" was in error. In his second assignment of error, he contends the trial court committed error in finding a judgment entry for 08-CR-545 exists. Confusingly, appellant changes his position throughout his brief, arguing both that the sentencing entries had to be "merged" to be valid, and that they could not be valid if they were "merged." As explained above, the sentencing entries were not merged. Further, a judgment entry for Case Number 08-CR-545 exists, from which appellant has taken multiple appeals. Accordingly, appellant's first and second assignments of error are overruled.

### III.

{¶33} In his third assignment of error, appellant contends the trial court committed error in finding res judicata applies in the instant case because there is no final appealable order. We disagree.

{¶34} Res judicata is a proper basis upon which to deny a petition for postconviction relief without holding an evidentiary hearing. *State v. Mack*, 2024-Ohio-

6102, ¶ 21 (5th Dist.); *State v. Lentz*, 70 Ohio St.3d 527, 530 (1994).  Under the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that the defendant raised or could have raised at the trial, which resulted in the judgment of conviction or on appeal from that judgment.  *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

{¶35}  As we detailed above, appellant received a final appealable order in both Case Number 08-CR-545 and 09-CR-111.  Thus, res judicata applies.  See *State v. Tate*, 2017-Ohio-7311 (5th Dist.).  Accordingly, the trial court did not commit error in applying res judicata to appellant's claims.

{¶36}  Based on the foregoing, appellant's assignments of error are overruled. The January 25, 2025, judgment entry of the Richland County Court of Common Pleas is affirmed.

By Popham, J.,

Baldwin, P. J., and

Gormley, J., concur